IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 94-_____ |
| v. | DATE FILED: August __, 1994 |
| KENNETH R. WITHERS<br>a/k/a "Thomas J. Wilcox"<br>a/k/a "Salvatore"<br>a/k/a "Terry Nunn" | VIOLATIONS:<br>18 U.S.C. § 641<br>(Theft of government property - 1 count)<br>21 U.S.C. § 841(a)(1)<br>(Possesion with intent to distribute heroin and cocaine - 2 counts)<br>21 U.S.C. § 841(a)(1)<br>(Distribution of heroin - 6 counts)<br>21 U.S.C. § 841(a)(1)<br>(Distribution of cocaine - 3 counts) |

## INDICTMENT

### COUNT ONE

THE GRAND JURY CHARGES THAT:

At times material to this indictment:

#### The Defendant

1. Defendant **KENNETH R. WITHERS** was a Special Agent of the Federal Bureau of Investigation (FBI), working out of the FBI's Philadelphia office, located at 600 Arch Street, Philadelphia, Pennsylvania.

2. Defendant **KENNETH R. WITHERS** was assigned to FBI Squad 3, the mission of which was to investigate and secure evidence against narcotics dealers.

3. Narcotics seized as contraband and maintained as evidence by the FBI during its investigations of narcotics

dealers were stored within the Evidence Control Room located at the FBI's office in Philadelphia.

### The Pakistani Heroin And Eastload Cocaine

4. On or about October 15, 1992, approximately 45 kilograms (about 100 pounds) of off-white or tan to brown colored, Pakistani heroin, with a "street value" of approximately $180,000,000, was seized by the FBI in an undercover narcotics investigation targeting a Pakistani heroin supplier, M.M.

5. This investigation was conducted by FBI Squad 3, but defendant **KENNETH R. WITHERS** had no substantial involvement in this investigation.

6. On or about October 16, 1992, this heroin was tested, and confirmed to be heroin with purities ranging from 55% to 88%, by the FBI Laboratory in Washington, D.C. and then returned to and stored in the FBI Evidence Control Room, located at 600 Arch Street, Philadelphia, Pennsylvania, to be retained as evidence for the heroin supplier's trial.

7. Defendant **KENNETH R. WITHERS** did participate in a prior, related FBI Squad 3 investigation of cocaine trafficking code-named "Eastload." During the period of 1993 and 1994, cocaine seized in the Eastload investigation also was stored in the FBI Evidence Control Room.

## The Narcotics Theft

8. In or around May, 1992, defendant **KENNETH R. WITHERS** was diagnosed as having a form of cancer called Hodgkin's disease, and, as a result, the FBI permitted him to work a flexible schedule which allowed **WITHERS** to be at the FBI office during non-business hours.

9. On or about May 21, 1993, defendant **KENNETH R. WITHERS** ordered and later received from Delta Press Ltd., located in El Dorado, Arkansas, a "Lockaid Professional Locksmithing Tool," which, according to the Delta Press catalogue, was "designed for law enforcement agencies" "to quickly pick tumbler locks."

10. In or around the fall of 1993, on one or more occasions, defendant **KENNETH R. WITHERS** surreptitiously entered the FBI Evidence Control Room and stole approximately 45 kilograms of the Pakistani heroin and 5 kilograms of the Eastload cocaine.

11. In or around the fall of 1993, defendant **KENNETH R. WITHERS** rented motel rooms in New Jersey in which he substituted packages of a substance akin to bicarbonate of soda for the packages of heroin and cocaine he had stolen, and **WITHERS** later replaced in the FBI Evidence Control Room these substitute packages.

12. In or around 1993 through June 3, 1994, defendant **KENNETH R. WITHERS** used, among other places, the basement of his

grandparent's house in Kentucky and an attic area of an FBI undercover office in New Jersey to store the narcotics he had stolen, as well as $66,000 in cash, a scale and 678 pounds of FBI ammunition taken without authorization.

        13.   In or around 1993, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**KENNETH R. WITHERS**

knowingly and willfully did steal, purloin and convert to his own use a thing of value to the United States and the FBI, namely approximately 45 kilograms of heroin and approximately 5 kilograms of cocaine, seized as contraband and held as evidence by the FBI, which defendant **KENNETH R. WITHERS** unlawfully took from the FBI Evidence Control Room.

        In violation of 18 U.S.C. § 641.

COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 12 of Count One are here incorporated.

2. In or around 1993 through June 3, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

>  KENNETH R. WITHERS
>  a/k/a "Thomas J. Wilcox"
>  a/k/a "Salvatore"
>  a/k/a "Terry Nunn"

knowingly and intentionally did possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, that is approximately 45 kilograms, of heroin, a Schedule I narcotic drug controlled substance, which defendant **WITHERS** stole from the FBI Evidence Control Room.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 12 of Count One are here incorporated.

2. In or around 1993 through June 3, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

> **KENNETH R. WITHERS**
> a/k/a "Thomas J. Wilcox"
> a/k/a "Salvatore"
> a/k/a "Terry Nunn"

knowingly and intentionally did possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, that is approximately 5 kilograms, of cocaine, a Schedule II narcotic drug controlled substance, which defendant **WITHERS** stole from the FBI Evidence Control Room.

In violation of 21 U.S.C. § 841(a)(1).

COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 12 of Count One are here incorporated.

### The Narcotics Distribution Scheme

2. In or around 1993, defendant **KENNETH R. WITHERS** took from a fellow agent's desk an identification document in the "undercover" name of that agent: "Thomas Wilcox."

3. On or about December 1, 1993, defendant **KENNETH R. WITHERS** rented private mail boxes in Cherry Hill and in Mt. Laurel, New Jersey, using false identification documents in the name "Thomas J. Wilcox."

4. In or around 1993, defendant **KENNETH R. WITHERS** rented a telephone pager, using the false name of "Terry Nunn," which could be activated by dialing the telephone number (215) 213-6698.

5. In or around 1993 through April, 1994, defendant **KENNETH R. WITHERS** did examine internal FBI memoranda and investigative files to learn the names and addresses of persons suspected by the FBI of being narcotics dealers.

6. Between the fall of 1993 and April, 1994, defendant **KENNETH R. WITHERS** used the mails and the false name "Salvatore" to:

(a) solicit persons suspected by the FBI of being narcotics dealers to purchase kilogram quantities of "Middle

7

Eastern brown" heroin for approximately $75,000 per kilogram, about one-half the going "wholesale" rate, and to purchase cocaine for approximately $20,000 per kilogram;

(b) provide these suspected narcotics dealers with free 1/2 or 1 ounce samples of heroin as an inducement to purchase narcotics;

(c) direct that cash payment for narcotics be mailed to one of the private mailboxes he had rented in the false name "Thomas J. Wilcox;" and

(d) direct that communications between him and these suspected narcotics dealers be made by means of numerical codes to be entered after dialing the telephone number of the pager he had rented under the false name "Terry Nunn."

7. As part of his mail solicitations to suspected narcotics dealers, using the false name "Salvatore," and to induce their purchase of narcotics, defendant **KENNETH R. WITHERS** distributed a total of at least six and one-half ounces of heroin by mailing free 1/2 ounce or 1 ounce samples of heroin to at least six different suspected narcotics dealers in the Philadelphia, New York City and Boston areas.

8. In connection with his distribution of kilogram quantities of narcotics, defendant **KENNETH R. WITHERS** received at least $77,000 in cash.

9. In or around the period of November, 1993, through December, 1993, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

>KENNETH R. WITHERS
>a/k/a "Thomas J. Wilcox"
>a/k/a "Salvatore"
>a/k/a "Terry Nunn"

knowingly and intentionally did distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, to C.W. in New York.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

    1. Paragraphs 1 through 8 of Count Four are here incorporated.

    2. In or around the period of November, 1993, through December, 1993, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**KENNETH R. WITHERS**
**a/k/a "Thomas J. Wilcox"**
**a/k/a "Salvatore"**
**a/k/a "Terry Nunn"**

knowingly and intentionally did distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, to P. in New York.

    In violation of 21 U.S.C. § 841(a)(1).

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

    1. Paragraphs 1 through 8 of Count Four are here incorporated.

    2. In or around the period of January 29, 1994, through February 17, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**KENNETH R. WITHERS**
a/k/a "Thomas J. Wilcox"
a/k/a "Salvatore"
a/k/a "Terry Nunn"

knowingly and intentionally did distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, to N.S. in Pennsylvania.

    In violation of 21 U.S.C. § 841(a)(1).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 8 of Count Four are here incorporated.

2. In or around the period of March 19, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

        **KENNETH R. WITHERS**
        a/k/a "Thomas J. Wilcox"
        a/k/a "Salvatore"
        a/k/a "Terry Nunn"

knowingly and intentionally did distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, to S.L. in Pennsylvania.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT EIGHT

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 8 of Count Four are here incorporated.

2. In or around the period of March 29, 1994, through March 30, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

> KENNETH R. WITHERS
> a/k/a "Thomas J. Wilcox"
> a/k/a "Salvatore"
> a/k/a "Terry Nunn"

knowingly and intentionally did distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, to N.S. in Pennsylvania.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT NINE

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 8 of Count Four are here incorporated.

2. In or around the period of March 31, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

> **KENNETH R. WITHERS**
> a/k/a "Thomas J. Wilcox"
> a/k/a "Salvatore"
> a/k/a "Terry Nunn"

knowingly and intentionally did distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, to R.D. in Pennsylvania.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

    1. Paragraphs 1 through 8 of Count Four are here incorporated.

    2. In or around the period of December 1, 1993, through March 30, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

KENNETH R. WITHERS
a/k/a "Thomas J. Wilcox"
a/k/a "Salvatore"
a/k/a "Terry Nunn"

knowingly and intentionally did distribute 500 grams or more, that is approximately one kilogram, of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, to C.W. in New York.

    In violation of 21 U.S.C. § 841(a)(1).

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

    1. Paragraphs 1 through 8 of Count Four are here incorporated.

    2. In or around the period of January 6, 1994, through January 14, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

> **KENNETH R. WITHERS**
> a/k/a "Thomas J. Wilcox"
> a/k/a "Salvatore"
> a/k/a "Terry Nunn"

knowingly and intentionally did distribute 500 grams or more, that is approximately one kilogram, of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, to N.S. in Pennsylvania.

    In violation of 21 U.S.C. § 841(a)(1).

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 8 of Count Four are here incorporated.

2. In or around the period of January 29, 1994, through February 27, 1994, at Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

>    KENNETH R. WITHERS
>       a/k/a "Thomas J. Wilcox"
>       a/k/a "Salvatore"
>       a/k/a "Terry Nunn"

knowingly and intentionally did distribute 500 grams or more, that is approximately three kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, to N.S. in Pennsylvania.

In violation of 21 U.S.C. § 841(a)(1).

A TRUE BILL:

_____
GRAND JURY FOREPERSON

*Michael P. Stiles* (signature)

**MICHAEL R. STILES**
**UNITED STATES ATTORNEY**

17